SANDY SWANIGAN, a Minor by and through his Mother and Next Friend, Shenia Swanigan, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee (Central Community Hospital, Defendant).

First District (2nd Division)    No. 87—3089

Opinion filed August 9, 1988.

Dombrowski & Sorensen, of Chicago, for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

In an action brought on behalf of a minor for personal injuries he suffered when a door closed on his fingers while he was in attendance at a school operated by defendant Chicago Board of Education (Board), the trial court judge granted summary judgment in favor of defendant and plaintiff appeals, arguing that the trial court erred in failing to determine whether plaintiff was competent to testify before considering his deposition testimony.

On April 7, 1983, plaintiff was a second-grade student at Henderson Public School in Chicago. In his discovery deposition, he testified that at the time of the accident he was leaving school for the day. Plaintiff's teacher, Ms. O'Connor, testified in her deposition that she required the students to walk in single file lines, one for the boys and another for the girls, when leaving the school. Ms. O'Connor first led the girls down the stairs to the ground floor, while the boys waited at the top of the stairwell. No student was assigned to hold open the door at the top of the stairs; whoever was standing by the door held it while the other students passed through. Plaintiff was standing at the back of the boys' line when the door, a double steel fire door with a self-closing device, began closing. He testified that the boy holding the door was having trouble, because his shoes "were slipping." Plaintiff stated that he had not noticed that his hand was in a place "where it could get caught," but when the door closed it "smashed on [his] hand." Ms. O'Connor took plaintiff to the principal's office after the accident, and his parents later took him to Central Community Hospital. (Plaintiff also brought a claim against the hospital, but that claim is not involved in this appeal.)

Plaintiff brought suit against the Board of Education, alleging that his injuries were caused by the Board's negligence in installing a heavy steel door, an alleged dangerous condition, on its property, and in failing to remedy the condition of the door despite prior incidents of injury. The Board filed a motion for summary judgment, based on plaintiff's deposition testimony that, although he had used the door every day, he had never complained to his teacher that the door was too heavy, never observed any of his friends have any trouble opening the door, never heard any of them say they had trouble opening the door, and never knew or heard of any other child who had got his or her fingers or hand caught in the door before. In response to defendant's motion, plaintiff argued that Ms. O'Connor's deposition testimony that "it took some effort" to open the door created a question of fact. After hearing argument from both parties, the trial judge ruled in favor of defendant, stating:

"This ten-year old said he never saw any of his classmates have difficulty opening the door. He never had difficulty opening the door. The child that was holding the door opened the door and his shoes slipped. Unfortunately accidents happen. All injuries don't have a cause of action.

There's not a scintilla of evidence that there was any dangerous condition being maintained by the defendant Board of Education."

Plaintiff appeals from this order.

OPINION

Plaintiff's sole contention on appeal is that a trial court is required to determine a child's competency to testify prior to considering his or her testimony (*In re E.S.* (1986), 145 Ill. App. 3d 906, 495 N.E.2d 1334; *People v. Broughton* (1976), 35 Ill. App. 3d 619, 342 N.E.2d 100; *People v. Goble* (1976), 41 Ill. App. 3d 491, 354 N.E.2d 108), and argues further that the trial judge erred in failing to make such a determination before ruling on defendant's summary judgment motion. In his reply to appellee's brief, plaintiff concedes that this argument was not made to the trial court, but argues that both this court and the circuit court have a duty to protect the rights of a minor and are "bound to notice substantial irregularities even though objections are not properly presented on [the minor's] behalf." *Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 555, 170 N.E.2d 564; see also *Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 501 N.E.2d 254.

■ Defendant maintains that plaintiff waived any objections he may have had to the competency of a witness to testify by failing to bring his objections to the attention of the trial court. (*Bonczkowski v. Kucharski* (1958), 13 Ill. 2d 443, 454-55, 150 N.E.2d 144 ("It is well established that objections to the *** competence of witnesses cannot be made for the first time in a court of review. *** [T]he admission of testimony without objection waives the incompetency of a witness"); *Carrao v. Board of Education* (1977), 46 Ill. App. 3d 33, 41, 360 N.E.2d 536 ("The question of the competency of a child must be raised at the time of trial [citation], and a reviewing court should not consider the question of the competency where the record fails to reveal any motion to exclude the child's testimony during trial").) Defendants note that plaintiff never requested a hearing to determine his competency to testify, nor did he raise any objection to his competency or to the use of his deposition testimony.

■ Defendants also argue that a reviewing court may review the child's testimony itself to determine whether it is the testimony of a

competent witness. (*In re E.S.* (1986), 145 Ill. App. 3d 906, 495 N.E.2d 1334; *Carrao v. Board of Education* (1977), 46 Ill. App. 3d 33, 360 N.E.2d 536; *Dallas v. Granite City Steel Co.* (1965), 64 Ill. App. 2d 409, 211 N.E.2d 907.) In order to be competent to testify, a child must have a capacity for recollection, the ability to understand questions and frame intelligent answers, and an appreciation of the duty to speak the truth. (*People v. Goble* (1976), 41 Ill. App. 3d 491, 354 N.E.2d 108; *Dallas v. Granite City Steel Co.* (1965), 64 Ill. App. 2d 409, 211 N.E.2d 907.) In his deposition, plaintiff answered questions regarding his age, address, the name of his school and its address, and certain family information; he defined a lie as "a story," and affirmed that his deposition testimony would be the truth. Plaintiff described the location of his classroom at the time of the accident, and his normal path to reach that room; he also remembered the approximate time of day that the accident occurred, and described the accident in detail.

■ Plaintiff waived the issue by failing to raise it before the trial court. Nevertheless, were that issue to be considered on its merits, plaintiff's argument would fail since plaintiff's deposition reveals that he satisfactorily answered questions which typically would have been asked of him during the course of a competency hearing. Plaintiff has also waived any objections he may have had to the trial court's granting defendant's motion for summary judgment by failing to bring them before this court.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN, P.J., and EGAN, J., concur.